UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WILLIE LEE GIBBS, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 4:12CV1714 ACL |
|  | ) |  |
| CHRIS KOSTER, et al., | ) |  |
|  | ) |  |
| Respondents, | ) |  |

**MEMORANDUM AND ORDER**

This matter is before the Court upon its own review. On September 20, 2012, petitioner Willie Lee Gibbs filed an application for writ of habeas corpus in this Court, pursuant to 28 U.S.C. § 2254, concerning a 2009 conviction in St. Louis, Missouri. Presently before the Court is the issue of whether the record reflects the proper respondent in this action, given that petitioner is currently being housed in a federal correctional facility but is challenging his future state custody.

**Background**

On August 5, 2009, a jury found petitioner guilty in St. Louis City, Missouri, of forcible rape, first degree robbery and two counts of armed criminal action. He was sentenced September 17, 2009 to thirty (30) years in the Missouri Department of Corrections on each count, with count 1 to run consecutive to counts 2, 3 and 4, equaling sixty (60) years total. At the time of his state conviction and sentence, he was serving time on a federal sentence. He is currently incarcerated at Butner Federal Correctional Institution ("FCI") in Butner, North Carolina. His federal sentence will expire in the year 2015; however, he is subject to a detainer by the State of Missouri for the convictions related to his instant petition for writ of habeas corpus.

Because petitioner was an inmate at FCI Butner at the time the current lawsuit was filed, Angela Dunbar, the Warden at Butner, was originally named as a respondent in this action, in addition to the Missouri Attorney General, Chris Koster, pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Court.

## Discussion

The Supreme Court case of *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495-499 (1973), first addressed an issue similar to the one before the Court. In *Braden*, an Alabama inmate petitioned a federal court in Kentucky for a writ giving him relief from an indictment pursuant to which Kentucky officials had lodged an interstate detainer against him. The Supreme Court held that a state prisoner wishing to challenge a detainer filed by a different state can file a habeas petition either in the current state of incarceration or in the state filing the detainer. The Kentucky federal court had jurisdiction because petitioner's Alabama custodian "acts" as agent for the demanding state and the custodian state is presumably indifferent to the resolution of the prisoner's attack on the detainer. *Id.*

Despite the aforementioned, district courts are limited to granting habeas relief "within their respective jurisdictions." *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). And the Eighth Circuit has explained that habeas corpus jurisdiction requires that "the district court have jurisdiction over the petitioner's custodian." *See Gravink v. United States*, 549 F.2d 1152, 1154 (8th Cir. 1977). Thus, the Supreme Court later clarified, in *Rumsfeld v. Padilla*, that "*Braden* in no way authorizes district courts to employ long-arm statutes to gain jurisdiction over custodians who are outside their territorial jurisdiction." *Padilla*, 542 U.S. at 445.

Petitioner's current custodian, Angela Dunbar, located in Butner, North Carolina, is not within the territorial jurisdiction of this Court. Thus, this Court lacks jurisdiction over

2

respondent Dunbar and she will be dismissed from this action. Chris Koster, the Missouri Attorney General will remain the proper respondent in this action, inasmuch as petitioner is challenging his future Missouri conviction and sentence.[1]

Accordingly,

**IT IS HEREBY ORDERED** that respondent Angela Dunbar is **DISMISSED** from this matter due to lack of jurisdiction over her person.

Dated this 2nd day of June, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because this Court has determined that the "true custodian" in this case is Chris Koster, or the official who has legal responsibility for the detainer placed on petitioner by the State of Missouri, the Court is convinced that it has proper jurisdiction over the application for writ of habeas corpus, regardless of where petitioner is currently detained. *See, e.g., Braden*, 410 U.S. at 494-499.

3